Barak Lurie (SBN 144887)
Matthew Kiene (SBN 150612)
**LURIE & ASSOCIATES**
12121 Wilshire Boulevard, Suite 300
Los Angeles, California 90025
Phone: 310-478-7788
Fax: 310-347-4442
*Matt@lurie-law.com*

Attorneys for Plaintiff
WAYNE ALLYN ROOT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| WAYNE ALLYN ROOT, an individual, | **COMPLAINT FOR:** |
| Plaintiff, | 1. **FIRST AMENDMENT VIOLATION** |
| | 2. **FIFTH AMENDMENT VIOLATION** |
| v. | 3, **CIVIL ACTION FOR DEPRIVATION OF RIGHTS – 42 U.S.C.A. 1983** |
| THE LELAND STANFORD JUNIOR UNIVERSITY, a California Trust Having Corporate Powers; THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY dba STANFORD UNIVERSITY; META PLATFORMS, INC., a Delaware Corporation; X CORP., a Nevada Corporation; X.AI CORP., a Nevada Corporation; GOOGLE LLC, a Delaware Corporation; TIKTOK INC., a California Corporation; and DOES 1- 50, inclusive, | 4. **ILLEGAL RESTRAINT OF TRADE – 15 U.S.C.A. S 1** |
| | 5. **ILLEGAL RESTRAINT OF TRADE – 15 U.S.C.A. S 2** |
| | 6. **EQUAL RIGHTS VIOLATION – 42 U.S.C.A. SECTION 1981** |
| | 7. **CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS – 42 U.S.C. § 1985** |
| | 8. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE** |
| | 9. **VIOLATION OF FREE SPEECH - CALIFORNIA CONSTITUTION, ART. I, § 2** |
| Defendants. | 9. **CONSPIRACY** |
| | 10. **UNFAIR COMPETITION – BUS. & PROF. CODE § 17200 ET SEQ.** |
| | 11, **CARTWRIGHT ACT VIOLATION – BUS. & PROF. CODE § 16720 ET SEQ.** |
| | **JURY TRIAL REQUESTED** |

1

**COMPLAINT**

Plaintiff WAYNE ALLYN ROOT, an individual, alleges as follows:

## PARTIES

1.      Plaintiff is an individual and a public figure, who makes his living through entertainment in the form of TV shows, books, podcasts, youtube videos, radio programs, sponsorship revenues, and public speaking.

2.      Defendant THE LELAND STANFORD JUNIOR UNIVERSITY ("Stanford") is a Statutory Corporation with its principal place of business in Stanford, California.

3.      Defendant THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY ("Board of Trustees") is a not-for-profit corporation with its principal place of business in Palo Alto, California.

4.      Defendant META PLATFORMS, INC. ("Meta") is a Delaware Corporation with its headquarters in Menlo Park, California.

5.      Defendant X CORP. ("Twitter") is a Delaware Corporation with its headquarters in Bastrop, Texas.

6.      Defendant GOOGLE, LLC ("Google") is a Delaware Corporation with its headquarters in Mountain View, California.

7.      Defendant TIKTOK INC. ("TikTok") is a California Corporation with its headquarters in Culver City, CA 90230.

8.      Plaintiff is ignorant of the true names of Defendants DOES 1 to 50, inclusive, and has therefore sued them by the foregoing names which are fictitious, and on information and belief, allege that each of said Defendants is responsible in some manner for the events and happenings referred to herein, and legally caused the injuries and damages alleged in this Complaint. Plaintiff will seek leave of the Court to amend its Complaint to allege their true names and capacities when ascertained.

1

**COMPLAINT**

9.     Plaintiff alleges on Information and belief that at all times herein, Defendants, and each of them, acted as the agents, servants, employees, and co-conspirators of each other, and acted within the purpose, scope, and authorization of such agency, service, employment and conspiracy. In addition, each of the Defendants ratified and approved the acts of each of the other Defendants acting for or on behalf of the former.

## PERSONAL JURISDICTION AND VENUE

10.     This Court has personal jurisdiction over all Defendants in this case because they do business in the State of California, and/or did business in the State of California at the time of the alleged acts. Further, this Court has personal jurisdiction over all Defendants because, at all relevant times, Defendants have had sufficient minimum contacts with California to satisfy California's long arm statute, Civ. Proc. Section 410, and the California and United States Constitutions.

11.     Venue is proper in this County in accordance with section 395 of the California Code of Civil Procedure because the injuries occurred in this County, and the causes of action alleged in the Complaint arose in this County.

## FACTUAL BACKGROUND

12.     Plaintiff is the host of national TV shows, radio shows, and podcasts, primarily dealing in social and political commentary. Plaintiff is also a bestselling author and social media star.

13.     Beginning in or around 2020 and continuing into 2021, Plaintiff began making videos and posts on social media critical of and questioning, inter alia, the mainstream narrative regarding the COVID-19 vaccines, their efficacy, their safety, and the circumstances surrounding their authorizations and approvals. Even earlier,

**COMPLAINT**

however, Plaintiff had been an outspoken champion of conservative ideals and the "MAGA" mindset.

14.    Around that time, Plaintiff began to experience a significant slowing of his success on social media, as well as outright bans, shadowbans, and removal of his video and TV clips for "violating community standards," despite not violating any specific terms of use or service. In specific, Plaintiff almost entirely stopped gaining new followers on Facebook, Instagram, YouTube, TikTok, and X (formerly Twitter). Through traffic to his website (rootforamerica.com) also significantly slowed from these sites.

15.    Additionally, Plaintiff found that the number of "likes," "shares," and "saves" or "favorites" on the content he later published on those sites had significantly diminished from past content.

16.    These patterns continued even after Plaintiff largely moved on from Covid-19 and Covid-19 vaccine related-content, and was publishing other content related to distinct topics.

17.    Plaintiff had no reason to suspect wrongdoing until November, 2024, when he came across a number of articles which revealed that the Biden Administration, in concert with Stanford, had conducted research into alleged superspreaders of "Covid-19 vaccine misinformation."

18.    Believing this could not just be a coincidence, Plaintiff began further research. He discovered that social media companies, including the Defendants herein, had begun suppressing conservative voices like himself by taking action "behind the scenes" to ensure that likes, views, shares, and favorites on content like Plaintiff's were artificially reduced.

19.    Plaintiff is informed and believed that Defendants herein acted in concert with, on behalf of, and/or at the behest of certain members of the Biden

1
2
Administration to violate Plaintiff's rights as explained herein by artificially reducing his reach on social media and suppressing his content.

3
4
5
6
7
8
9
20.    Plaintiff suffered significant financial setbacks as a result of this conduct. Plaintiff has gained almost no new followers across multiple platforms in several years, despite successful book campaigns and creating content featuring numerous high-profile guests, including the President of the United States. Since much of Plaintiff's income is derived from advertising dollars which grow proportionately to audience size, Defendants have robbed Plaintiff of millions of dollars in advertising revenue, book sales, and pay for views.

10
11
12
### FIRST CAUSE OF ACTION

### (Violation of the First Amendment – U.S. Const. amend. I)

13
14
21.    Plaintiff realleges and incorporates by reference paragraphs 1 through 20 of this Complaint as though fully set forth herein.

15
16
17
18
22.    Defendants, acting jointly and in concert with each other and with government officials, engaged in conduct which violated Plaintiff's rights under the First Amendment to the United States Constitution to freely speak, publish, and disseminate information without unlawful censorship or retaliation.

19
20
21
22
23
23.    Defendants, acting under color of state law and/or in concert with government actors, suppressed, limited, shadow-banned, throttled, de-amplified, or otherwise interfered with Plaintiff's online speech based on its content and viewpoint, which constituted unlawful prior restraint and content-based discrimination.

24
25
26
24.    As a direct and proximate result of Defendants' unconstitutional actions, Plaintiff has suffered loss of income, damage to reputation, diminished reach and engagement, and other damages according to proof at trial.

27
28

4

**COMPLAINT**

1

**SECOND CAUSE OF ACTION**

2

**(Violation of the Fifth Amendment – U.S. Const. amend. V)**

3
4

25.    Plaintiff realleges and incorporates by reference paragraphs 1 through 20 of this Complaint as though fully set forth herein.

5
6
7
8

26.    Defendants, acting under color of state law and/or in concert with government officials, deprived Plaintiff of liberty and property interests—including his established social-media following, audience reach, and the economic value thereof—without due process of law.

9
10
11

27.    By failing to provide notice, hearing, or any meaningful process prior to restricting Plaintiff's speech and economic interests, Defendants violated Plaintiff's rights under the Fifth Amendment.

12
13

28.    As a direct and proximate result, Plaintiff suffered damages including loss of revenue, loss of business opportunities, and injury to reputation.

14

15

**THIRD CAUSE OF ACTION**

16

**(Civil Action for Deprivation of Rights – 42 U.S.C. § 1983)**

17
18

29.    Plaintiff realleges and incorporates by reference paragraphs 1 through 20 of this Complaint as though fully set forth herein.

19
20
21
22

30.    Defendants, acting under color of state law and/or jointly with state actors, subjected Plaintiff to the deprivation of rights secured by the Constitution and laws of the United States, including but not limited to the First and Fifth Amendments.

23
24

31.    Defendants' conduct was intentional, malicious, and done with reckless disregard for Plaintiff's federally protected rights.

25
26
27

32.    As a direct and proximate result, Plaintiff sustained damages in an amount to be proven at trial and is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

28

5

**COMPLAINT**

## **FOURTH CAUSE OF ACTION**

### **(Illegal Restraint of Trade – 15 U.S.C. § 1)**

33.    Plaintiff realleges and incorporates by reference paragraphs 1 through 20 of this Complaint as though fully set forth herein.

34.    Defendants entered into and engaged in a contract, combination, and/or conspiracy with one another and with government actors to restrain trade and commerce unreasonably by suppressing, throttling, and limiting the distribution and visibility of Plaintiff's content on social media platforms.

35.    This agreement had the purpose and effect of eliminating or drastically reducing competition from Plaintiff and similarly situated speakers in the marketplace for online media, podcasts, and related advertising revenues.

36.    As a direct and proximate result of this unlawful restraint of trade, Plaintiff suffered economic harm, including lost revenue and reduced market share.

## **FIFTH CAUSE OF ACTION**

### **(Illegal Monopolization / Attempted Monopolization – 15 U.S.C. § 2)**

37.    Plaintiff realleges and incorporates by reference paragraphs 1 through 20 of this Complaint as though fully set forth herein.

38.    Defendants individually and collectively possess monopoly power in the relevant markets for online speech, social media distribution, and online advertising.

39.    Defendants willfully and intentionally maintained and/or attempted to maintain monopoly power by suppressing, limiting, and excluding competing viewpoints, including Plaintiff's, thereby reducing competition in the marketplace of ideas and online advertising.

40.    As a direct and proximate result, Plaintiff has suffered damages in an amount to be proven at trial.

**COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIXTH CAUSE OF ACTION**

**(Violation of Equal Rights – 42 U.S.C. § 1981)**

41.    Plaintiff realleges and incorporates by reference paragraphs 1 through 20 of this Complaint as though fully set forth herein.

42.    Defendants intentionally discriminated against Plaintiff on the basis of his political viewpoints and/or affiliations, thereby impairing his right to make and enforce contracts for advertising, sponsorships, and appearances, which are integral to his business.

43.    Defendants' actions violated 42 U.S.C. § 1981, which guarantees all persons the same right to make and enforce contracts as enjoyed by all other citizens.

44.    As a direct and proximate result, Plaintiff suffered lost contracts, lost revenue, and other damages.

**SEVENTH CAUSE OF ACTION**

**(Conspiracy to Interfere with Civil Rights – 42 U.S.C. § 1985)**

45.    Plaintiff realleges and incorporates by reference paragraphs 1 through 20 of this Complaint as though fully set forth herein.

46.    Defendants conspired together and with government actors to deprive Plaintiff of his rights and privileges under the Constitution and laws of the United States, including his rights to free speech, due process, and equal protection.

47.    In furtherance of the conspiracy, Defendants engaged in overt acts, including but not limited to coordinated suppression of Plaintiff's content, shadow-banning, throttling, and refusal to recommend or display Plaintiff's content to users.

48.    As a direct and proximate result of Defendants' conspiracy, Plaintiff suffered economic and reputational injury.

7

**COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **EIGHTH CAUSE OF ACTION**

### **(Intentional Interference with Prospective Economic Advantage)**

49.    Plaintiff realleges and incorporates by reference paragraphs 1 through 20 of this Complaint as though fully set forth herein.

50.    Plaintiff had existing and prospective economic relationships with advertisers, sponsors, viewers, listeners, and others that had a probable future economic benefit to Plaintiff.

51.    Defendants knew of these relationships and, by intentionally suppressing Plaintiff's reach and visibility, wrongfully and without justification interfered with those relationships.

52.    As a direct and proximate result, Plaintiff has suffered lost income, diminished goodwill, and other damages in an amount to be proven at trial.

## **NINTH CAUSE OF ACTION**

### **(Violation of the Right to Free Speech – California Constitution, Art. I, § 2)**

53.    Plaintiff realleges and incorporates by reference paragraphs 1 through 20 of this Complaint as though fully set forth herein.

54.    Article I, Section 2 of the California Constitution provides that every person may freely speak, write, and publish their sentiments on all subjects, being responsible for the abuse of this right.

55.    Defendants, by conspiring with government actors and through their operation of social media platforms that serve as modern public forums for communication, unlawfully suppressed Plaintiff's speech based on viewpoint and content.

56.    Such suppression constitutes state action under California law because Defendants acted jointly with and at the direction of government officials in silencing Plaintiff.

**COMPLAINT**

57.    As a direct and proximate result of Defendants' violation of the California Constitution, Plaintiff has suffered loss of income, reputational harm, and injury to his ability to engage in public discourse, entitling him to damages and injunctive relief.

## TENTH CAUSE OF ACTION
### (Civil Conspiracy)

58.    Plaintiff realleges and incorporates by reference paragraphs 1 through 20 of this Complaint as though fully set forth herein.

59.    Defendants, and each of them, entered into an agreement among themselves and with government actors to commit unlawful acts, including but not limited to the violation of Plaintiff's constitutional rights, interference with Plaintiff's business relationships, and restraint of trade.

60.    In furtherance of the conspiracy, Defendants committed overt acts, including suppressing Plaintiff's social media accounts, shadow-banning and throttling Plaintiff's content, and communicating false or misleading information to others regarding Plaintiff's speech.

61.    As a direct and proximate result of Defendants' conspiracy, Plaintiff has suffered damages, including loss of income, lost business opportunities, and reputational harm, in an amount to be proven at trial.

## ELEVENTH CAUSE OF ACTION
### (Violation of California's Unfair Competition Law – Bus. & Prof. Code § 17200 et seq.)

62.    Plaintiff realleges and incorporates by reference paragraphs 1 through 20 of this Complaint as though fully set forth herein.

9
**COMPLAINT**

63.    Defendants' conduct as alleged herein constitutes "unlawful, unfair, and fraudulent business practices" within the meaning of California Business and Professions Code section 17200.

64.    Defendants' actions were unlawful in that they violated state and federal constitutional rights, civil rights statutes, and antitrust laws.

65.    Defendants' actions were unfair in that they suppressed competition and deprived Plaintiff and consumers of access to diverse viewpoints and information in the marketplace of ideas.

66.    Defendants' actions were fraudulent in that they concealed their coordinated suppression from users and the public, misrepresenting the neutrality and fairness of their platforms.

67.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered economic and reputational harm. Plaintiff seeks restitution, disgorgement of ill-gotten gains, injunctive relief, and all other remedies permitted under the UCL.

## TWELFTH CAUSE OF ACTION

### (Violation of the Cartwright Act – Bus. & Prof. Code § 16720 et seq.)

68.    Plaintiff realleges and incorporates by reference paragraphs 1 through 20 of this Complaint as though fully set forth herein.

69.    The Cartwright Act prohibits any trust, monopoly, or conspiracy in restraint of trade or commerce in the State of California.

70.    Defendants knowingly and intentionally combined, conspired, and agreed among themselves, and with government actors, to restrain trade by suppressing, de-amplifying, and otherwise interfering with Plaintiff's online speech and related business opportunities.

71.    The effect of Defendants' conduct was to substantially lessen competition in the markets for social media distribution, online content, and advertising revenues, thereby harming Plaintiff and the public.

72.    As a direct and proximate result of Defendants' unlawful conspiracy and restraint of trade, Plaintiff has suffered substantial economic damages, including lost revenue and diminished business opportunities.

73.    Pursuant to the Cartwright Act, Plaintiff is entitled to treble damages, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, and each of them, as follows:

1.    General and Compensatory Damages in an amount to be proven at trial, but believed to be no less than $100,000,000;

2.    Special Damages for lost income, lost business opportunities, reputational harm, and other pecuniary losses proximately caused by Defendants' conduct, in an amount to be proven at trial;

3.    Statutory Damages, Treble Damages, and Attorneys' Fees as permitted under 42 U.S.C. §§ 1981, 1983, 1985, 1988, and 15 U.S.C. §§ 1 and 2;

4.    Punitive and Exemplary Damages in an amount sufficient to punish Defendants and to deter such wrongful conduct in the future;

5.    Declaratory Relief that Defendants' conduct violated Plaintiff's constitutional and statutory rights;

6.    Injunctive Relief restraining and enjoining Defendants, and all those acting in concert with them, from continuing to engage in practices that unlawfully suppress, restrict, or otherwise interfere with Plaintiff's speech, business

relationships, or economic opportunities, and requiring Defendants to restore Plaintiff's accounts, visibility, and reach to a fair and non-discriminatory status;

7.     Costs of Suit incurred herein, including reasonable attorneys' fees pursuant to applicable statutes; and

8.     Such Other and Further Relief as the Court deems just and proper.

DATED:  October 21, 2025          LURIE & ASSOCIATES


By /s/ Matthew W. Kiene
Matthew W. Kiene
Attorneys for Plaintiff
WAYNE ALLYN ROOT

12

**COMPLAINT**